UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CR-42 |
| | ) | (VARLAN/SHIRLEY) |
| BRUCE J. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant Bruce J. Phillips's pro se Motion to Reduce Terms of Imprisonment Under Title 18 U.S.C. § 3582(c)(2), and Memorandum of Points and Authorities in Support of 18 U.S.C. § 3582(c)(2) Motion [Doc. 32]. In his motion, defendant requests that the Court recalculate his guideline range and resentence him pursuant to 18 U.S.C. § 3582(c), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The United States opposes defendant's motion [Doc. 35]. This matter is now ripe for the Court's consideration.

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission," however, the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## II. Analysis

On May 24, 2004, defendant pled guilty, pursuant to the superseding indictment in this case, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [*see* Docs. 17, 21]. The Court entered judgment against defendant on August 27, 2004 [*see* Doc. 27]. Defendant contends in the present motion that the Sentencing Commission promulgated an amendment to U.S.S.G. § 2K2.1, effective November 1, 2000 and applicable retroactively, which "establishes the offense level for firearm offenses removing the enhancement penalty (Gun Bump)" [Doc. 32]. Defendant further contends that application of the amended guidelines "which removed the enhancement penalty (Gun Bump) may result in a Shorter Prison term for the petitioner, possibly a five level decrease if not more in the sentence that was imposed before by this [C]ourt" [*Id.*].

Defendant is mistaken. In the first place, defendant was sentenced nearly four years after the effective date of the amendment to which he refers, and would have received any benefit from that amendment at the time of his initial sentencing. Further, the only amendment to U.S.S.G. § 2K2.1 that had an effective date of November 1, 2000 consists of five parts making various technical and conforming changes to the guidelines; none of these

changes removes an enhancement penalty as defendant contends.  *See* U.S.S.G. § 2K2.1 (2000 Amendments).  The Court will therefore deny defendant's motion.

## III. Conclusion

For the reasons above, defendant's pro se Motion to Reduce Terms of Imprisonment Under Title 18 U.S.C. § 3582(c)(2), and Memorandum of Points and Authorities in Support of 18 U.S.C. § 3582(c)(2) Motion [Doc. 32] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE