UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CR-42 |
| | ) | (VARLAN/SHIRLEY) |
| BRUCE J. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on several motions of the defendant [Docs. 37–42]. The government filed a response [Doc. 44]. For the reasons explained herein, the Court will deny the motions.

**I.     Background**

In May 2004, the defendant pleaded guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) [Docs. 21–23]. The Court subsequently found that defendant was an armed career criminal and sentenced him to 200 months' imprisonment [Doc. 28]. The defendant did not appeal, nor did he file a timely motion pursuant to 28 U.S.C. § 2255.[1]

In June 2009, nearly five years after the defendant had been sentenced, the defendant sought a sentence reduction in light of 18 U.S.C. § 3582(c)(2) and an

---

[1] The defendant did file a motion seeking an extension of time to file a § 2255 motion, but his motion came after the time for doing so had expired [*See* Docs. 30, 31].

unspecified Guidelines amendment [Doc. 32]. The defendant purported to identify the amendment at issue by saying that it had become effective on November 1, 2000, had removed the "gun bump" enhancement, and would lower the defendant's Guidelines range by up to five levels [*Id.*]. To the contrary, the only amendment with an effective date of November 1, 2000, contained confirming and technical amendments and did not alter or eliminate any enhancement; additionally, that amendment was not listed in section 1B1.10 of the Guidelines as an amendment that was retroactively applicable so as to permit relief under 18 U.S.C. § 3582(c) [*See* Docs. 35, 36]. Even more, the defendant would have already received any benefit to which he was entitled under a Guidelines amendment that became effective in 2000 because he was sentenced in 2004 [*Id.*]. The Court thus denied defendant's § 3582(c) motion on April 16, 2010 [Doc. 36].

More than a year later, in October 2011, the defendant filed a pro se "Motion for Additional Authority," pursuant to Rule 60(b) of the Federal Rules of Criminal Procedure [Doc. 37].[2] Shortly thereafter, the defendant filed a motion to amend the Rule 60(b) motion [Doc. 38]. In December 2011, the defendant mailed four pro se pleadings to the "Office of the Dist Att Gen" at 400 Main Street in Knoxville, Tennessee, the address of the Knox County Attorney General [Docs. 39-1, 40-1, 41-1, 42-1]. The documents included a Rule 60(b) motion (which the defendant claimed to have previously sent to the Court, but which had never been received or filed by the Clerk's Office) and a motion for

---

[2] Rule 60(b) of the Federal Rules of Criminal Procedure addresses enforcement of victims' rights. The Court thus construes the defendant's motion as being brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

2

summary judgment as to that Rule 60(b) motion [Docs. 39, 42]. The defendant also provided copies of his motions for additional authority and to amend his Rule 60(b) motion [Docs. 40, 41]. In May 2012, the Knox County Attorney General forwarded the defendant's documents to the United States Attorney's Office [*See* Docs. 39-1, 40-1, 41-1, 42-1]. Sometime later, upon realizing that the defendant had never sent some of those documents to the Court, the United States Attorney's Office forwarded all four of the documents to the Clerk's Office, and they were filed on the record [*Id.*].

**II.     Analysis**

As the government points out, taken together, the defendant's pro se filings present the following four claims: (1) the Court lacked jurisdiction to impose any sentence due to an unspecified but "potentially serious conflict of interest," and the defendant's counsel was likewise afflicted by an unspecified conflict of interest [Doc. 42]; (2) the Court's imposition of an enhanced sentence violated the defendant's Sixth Amendment rights because the defendant's prior convictions were not specifically found by a jury and because the presentence report is not evidence [Docs. 38, 40, 42]; (3) the Court imposed two sentences for one offense, in violation of double jeopardy, because the defendant was sentenced to a term of imprisonment as well as a subsequent term of supervised release [Doc. 42] and the Court lacked jurisdiction to impose any term of supervised release [Docs. 37, 38, 40, 41]; and (4) the Court abused its discretion by sentencing the defendant to 200 months' imprisonment [Docs. 37, 41]. None of these claims, however, offer any basis upon which relief may be granted.

3

The defendant's conviction has long been final, and a district court may modify a defendant's sentence only as permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute."). The defendant has not identified any statutory authority under which his claims would be reviewable, and the Court notes his claims do not arise from any retroactively applicable Guidelines amendment that lowers the Guidelines range applicable to him [*See* Doc. 36]. A criminal defendant who "wishes to challenge the imposition of his sentence . . . must file a § 2255 motion to vacate the sentence." *King v. Thoms*, 54 F. App'x 435, 437 (6th Cir. 2002) (rejecting an attempt to obtain relief under § 2241; describing § 2255 as "the proper vehicle" to challenge the propriety of a sentence); *accord United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007). The defendant, however, failed to file any § 2255 motion within the time allotted for doing so [*See* Doc. 30]. Moreover, that the defendant can no longer present his claims under § 2255 does not mean that he is entitled to review under some other provision of law. As the Sixth Circuit has explained, "the § 2255 remedy is . . . not undermined simply because [the defendant] has allowed the one-year statute of limitations to expire. The one-year period provided him with a reasonable opportunity to file for relief, and, if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) (per curiam); *see also Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (holding that a defendant's inability to satisfy the requirements for a § 2255 motion did not entitle him to seek relief through a petition

4

for the common-law writ of audita querela); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (holding that defendants cannot circumvent the AEDPA's requirements "by simply styling a petition under a different name").

To the extent the defendant relies upon Rule 60(b), it "is not applicable to criminal proceedings and may not be used to disturb a criminal sentence or conviction." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (internal quotation marks and citation omitted). Moreover, even if the defendant's claims were somehow reviewable, they are procedurally defaulted because they could have been litigated on direct appeal, but were not. And the defendant has not asserted any basis to excuse that procedural default. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); *see also Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal."); *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) (reiterating that collateral review is not the "correct forum" for sentencing claims).

In addition, the defendant's claims substantively lack merit. His allegations regarding purported conflicts of interest are unsupported by any facts, and the omission of factual support is fatal to that claim. *See*, *e.g.*, *United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (deeming undeveloped claims unreviewable); *Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *3 (6th Cir. Apr. 15, 1999) (denying relief

5

where a § 2255 petitioner "made no attempt to provide the court with any [relevant] facts" to support his claim); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that when "claims are stated in the form of conclusions without any allegations of facts in support thereof," a post-conviction motion is "legally insufficient to sustain review").

As for defendant's Sixth Amendment claim, the Supreme Court held in 1998 that a prior conviction may be introduced at sentencing to enhance statutory punishment without offending a defendant's constitutional rights. *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998). Two years later, when the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt," it explicitly exempted the fact of a prior conviction from that rule. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *accord Booker v. United States*, 543 U.S. 220, 244 (2005). More recently, in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court held that any fact—again, other than the fact of a prior conviction—that increases a statutory mandatory minimum sentence is an element of the offense which must be found by a jury or admitted by the defendant. *Id.* at 2155 (overruling *Harris v. United States*, 536 U.S. 545 (2002)). *Alleyne* declined to overrule *Almendarez-Torres* and instead reiterated that "the fact of a prior conviction" is an appropriate subject for judicial factfinding at sentencing. 133 S. Ct. at 2160 n.1. Unless and until the Supreme Court overrules *Almendarez-Torres*, it remains binding upon this Court. Hence, no error occurred when

6

the Court, rather than a jury, determined that defendant had the requisite number of prior convictions to be deemed an armed career criminal, then sentenced defendant accordingly.

Also, the imposition of a term of imprisonment and a term of supervised release does not amount to two punishments for the same offense, but two components of a single sentence. As such, it does not violate double jeopardy. *See Terry v. United States*, No. 94-3339, 1994 WL 637722, at *1 (6th Cir. Nov. 10, 1994) ("Terry's term of supervised release that he is to serve in addition to a term of actual incarceration does not violate the Fifth Amendment Double Jeopardy Clause, as Congress clearly intended that a term of supervised release may be imposed "in addition to" a term of imprisonment." (citations omitted)). And, the defendant's challenge to the reasonableness of his sentence proffers no basis to doubt this Court's exercise of discretion more than nine years ago.

## III. Conclusion

In sum, for the reasons explained, the defendant's motions [Docs. 37–42] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE